IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE LUIS ALEXANDRE, JR. AND | § | |
| YOLANDA LONGORIA ALEXANDRE | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B01CV174 |
| | § | |
| NATIONSCREDIT FINANCIAL | § | |
| SERVICES CORPORATION | § | |

## NATIONSCREDIT FINANCIAL SERVICES CORPORATION'S
## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant NATIONSCREDIT FINANCIAL SERVICES CORPORATION ("NationsCredit") for its Answer to the Complaint filed by Plaintiffs Jose Luis Alexandre, Jr. and Yolanda Longoria Alexandre states that (a) any allegation not specifically admitted herein is denied; (b) where NationsCredit states that an allegation is a legal conclusion that requires no response, it denies any facts Plaintiff intends to allege in such allegations; and (c) where NationsCredit states that it lacks knowledge or information sufficient to form a belief as to the truth of certain allegations, it therefore denies those allegations; and NationsCredit further states as follows:

1. As to the Complaint's paragraph 1, NationsCredit states that such allegation requires no response, but to the extent a response is required, NationsCredit denies the allegations.

2. As to the Complaint's paragraph 2, NationsCredit admits the allegations based on information and belief.

3. As to the Complaint's paragraph 3, NationsCredit denies that John Price is its President, but admits that the addresses contained in paragraph 3 are the proper addresses for service of process.

60792/17336 0016

4. NationsCredit admits the allegations in paragraph 4 of the Complaint.

5. As to paragraph 5 of the Complaint, NationsCredit admits it was the intention of the subsequent home equity loan to pay off the home equity loan originated on June 22, 1998. However, NationsCredit did not receive funds from the title company which closed the subsequent home equity loan to pay off the June 22, 1998 home equity loan.

6. As to the Complaint's paragraph 6, NationsCredit admits it filed an application seeking to foreclose on the first home equity loan after payments ceased and it did not receive payoff funds from the title company.

7. As to the Complaint's paragraph 7, NationsCredit is unable to admit or deny the truth of these allegations as it sold the second home equity loan on or about September 14, 2001.

8. As to the Complaint's paragraph 8, NationsCredit admits notice of the foreclosure filing was published, but is without information sufficient to admit or deny the remaining allegations of paragraph 8 and therefore denies such allegations.

9. As to paragraph 9 of the Complaint, NationsCredit admits transmitting to credit reporting agencies information relating to the status of the first home equity loan. However, NationsCredit denies the remainder of the allegations in paragraph 9.

10. As to the Complaint's paragraph 10, NationsCredit admits Plaintiffs contacted NationsCredit regarding the outstanding balance on the first home equity loan. However, NationsCredit denies it committed an error and states that it has not been able to determine the status of the funds that were intended to pay off the first home equity loan.

11. As to the Complaint's paragraph 11, NationsCredit admits upon information and belief receiving letters from Plaintiffs' representatives. However, NationsCredit denies that the first home equity loan was paid off.

12. The allegations in paragraph 12 of the Complaint state legal conclusions that do not require a response from NationsCredit, but to the extent a response is required, NationsCredit denies the allegations.

13. The allegations in paragraph 13 of the Complaint state legal conclusions that do not require a response from NationsCredit, but to the extent a response is required, NationsCredit denies the allegations.

14. The allegations in paragraph 14 of the Complaint state legal conclusions that do not require a response from NationsCredit, but to the extent a response is required, NationsCredit denies the allegations.

15. The allegations in paragraph 15 of the Complaint state legal conclusions that do not require a response from NationsCredit, but to the extent a response is required, NationsCredit denies the allegations.

16. The allegations in paragraph 16 of the Complaint state legal conclusions that do not require a response from NationsCredit, but to the extent a response is required, NationsCredit denies the allegations.

17. The allegations in paragraph 17 of the Complaint state legal conclusions that do not require a response from NationsCredit, and to the extent a response is required, NationsCredit denies the allegations.

18. NationsCredit denies the allegations in paragraph 18.

19. As to the Complaint's paragraph 19, NationsCredit states that such allegations require no response, but to the extent a response is required, NationsCredit denies the allegations.

20. As to the Complaint's paragraph 20, NationsCredit states that such allegations contain legal conclusions that do not require a response from NationsCredit, but to the extent a response is required, NationsCredit denies the allegations.

## Affirmative Defenses

First Affirmative Defense: The Complaint fails to state a claim against NationsCredit upon which relief may be granted.

Second Affirmative Defense: The claims asserted by Plaintiffs are barred in whole or in part, by the applicable statute of limitations.

Third Affirmative Defense: Some or all of the claims asserted by Plaintiffs are barred by the doctrines of waiver and estoppel.

Fourth Affirmative Defense: Some or all of the claims asserted by Plaintiffs are barred by the doctrine of laches.

Fifth Affirmative Defense: Plaintiffs have failed to mitigate any damages that occurred (the existence of which damages is denied).

Sixth Affirmative Defense: NationsCredit is not liable to Plaintiffs based on NationsCredit's statutory or other defenses under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

Seventh Affirmative Defense: Any damages (the existence of which damages is denied) that Plaintiffs may have incurred are the result of acts or omissions of parties other than NationsCredit for which NationsCredit is not legally responsible.

Eighth Affirmative Defense: NationsCredit reserves the right to assert any additional affirmative defense that may be discovered during the course of additional investigation and discovery.

60792/17336 0016

- 4 -

Respectfully submitted,

_____
Jeffrey R. Seewald
State Bar No. 17986640
Southern District of Texas Bar No. 28500
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Fax: (713) 520-1025

*ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONSCREDIT FINANCIAL SERVICES CORPORATION*

OF COUNSEL:

**McGLINCHEY STAFFORD**
A Professional Limited Liability Company

### CERTIFICATE OF SERVICE

I, Jeffrey R. Seewald, certify that a true and correct copy of the foregoing instrument was forwarded in accordance with the Federal Rules of Civil Procedure, on this the 9th day of November, 2001, to the following counsel of record:

Adolfo E. Cordova, Jr.
Law Firm of Adolfo E. Cordova, Jr.
711 North Sam Houston
San Benito, TX 78586

_____
JEFFREY R. SEEWALD

60792/17336.0016