IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE LUIS ALEXANDRE, JR. AND | § | |
| YOLANDA LONGORIA ALEXANDRE | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B01CV174 |
| | § | |
| NATIONSCREDIT FINANCIAL | § | |
| SERVICES CORPORATION | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE HILDA TAGLE, UNITED STATES DISTRICT JUDGE:

Plaintiffs **Jose Luis Alexandre, Jr. and Yolanda Longoria Alexandre** and Defendant, **NationsCredit Financial Services Corporation** ("NationsCredit"), file this their Joint Discovery/Case Management Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order:

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

    The meeting of the parties occurred via telephone on January 31, 2002. Counsel for the Plaintiffs Adolfo Cordova and counsel for the Defendant Jeffrey Seewald participated.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    There are no related cases pending.

3. **Specify the allegation of federal jurisdiction.**

    Federal jurisdiction arises as a result of a federal question pursuant to 28 U.S.C. § 1331.

63789/17736 0016

4.  **Name the parties who disagree and the reasons.**

    None.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    Defendant NationsCredit Financial Services Corporation may seek to join Equity Title Services Corporation as an indispensable party or by way of third party complaint. Such joinder would be accomplished within 60 days.

6.  **List anticipated interventions.**

    None.

7.  **Describe class-action issues.**

    None.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    Neither party has made Rule 26(a) disclosures. The parties have agreed to make such disclosures by March 15, 2002.

9.  **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

        (1)  Any remaining disclosures required by Rule 26(a) will be made by March 15, 2002.

        (2)  No changes should be made to limitations on discovery.

        (3)  No other Orders should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).

63789/17736 0016

- 2 -

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending any necessary interrogatories by March 15, 2002.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories to Plaintiffs by April 1, 2002.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the deposition of Defendant by May 15, 2002.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the depositions of Plaintiffs by May 15, 2002.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will be able to designate experts by May 15, 2002 and provide reports by June 15, 2002. Defendant will designate responsive experts by June 15, 2002 and provide expert reports by July 15, 2002.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff can complete expert depositions by August 15, 2002.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

Defendant can complete expert depositions by August 15, 2002.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

   N/A.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   There has been no formal discovery to date. Counsel for the parties have exchanged documents and information and engaged in settlement discussions.

12. **State the date the planned discovery can reasonably be completed.**

   Discovery can be completed by August 15, 2002.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   The parties intend to continue discussing the possibilities for settlement. However, settlement does not appear imminent at this time.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   The parties have exchanged some documents and information and engaged in settlement discussions via counsel.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

   Mediation may be useful and could be conducted prior to the completion of discovery.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties are agreeable to trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    Plaintiffs made timely demand for a jury in the Original Petition filed in state court.

18. **Specify the number of hours it will take to present the evidence in this case.**

    It is expected to take 8 to 12 hours to present evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    There are no pending motions.

20. **List other motions pending.**

    There are no pending motions.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    There are no matters which deserve special attention of the Court at this time.

63789/17736 0016

- 5 -

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

_____  2/6/02
Adolfo E. Cordova, Jr.           Date
State Bar No. 00787287
LAW FIRM OF ADOLFO E. CORDOVA, JR.
711 North Sam Houston
San Benito, Texas 78586
Telephone: (956) 399-1299
Fax: (956) 399-4484
Counsel for Plaintiffs

_____  2/7/02
Jeffrey R. Seewald                Date
State Bar No. 17986640
Southern District of Texas Bar No. 28500
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Fax: (713) 520-1025
Counsel for Defendant

63789/17736.0016                - 6 -